WARREN M. HORNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12256.   Promulgated December 30, 1926.

*A. H. Murray, Esq.*, for the respondent.

The petitioner seeks a redetermination of his tax liability for the years 1920 and 1921, for which the Commissioner determined deficiencies in the sums of $1,217.42 and $1,614.40, respectively, alleging that certain amounts, the whole of which the Commissioner included in gross income, were in part a return of capital.

### FINDINGS OF FACT.

In 1904 the petitioner, then a resident of Minneapolis, Minn., became a representative of the Provident Life & Trust Co. of Philadelphia, Pa. In 1906 he became the general agent of that company for the State of Minnesota. He carried on his business under the name of Warren M. Horner Insurance Agency. At the time the petitioner became the general agent he entered into a contract with the company. On November 1, 1918, a further contract was entered into with the company.

The Commissioner has increased the taxpayer's income for 1920 in the amount of $15,279.46 and for 1921 in the amount of $15,330.74, on the ground that these amounts represented a portion of the commissions received in those years on renewal insurance premiums.

### OPINION.

GREEN: It is alleged in the petition that the general agency contract had a fair market value on March 1, 1913, in the amount of $100,000, which contract was sold by the petitioner on November 1, 1918, under the contract with the Provident Life & Trust Co., and that the amounts designated by the Commissioner as commissions on renewal insurance premiums and by which he has increased the petitioner's income for the year involved constitute a return of capital from the sale of the general agency contract.

There was no appearance for the taxpayer at the hearing and no proof was submitted to substantiate the allegations of fact mentioned above. Inasmuch as the petitioner, through his failure to submit proof to substantiate these allegations of fact, has failed to show error on the part of the Commissioner, the Commissioner's determination must be approved.

*Judgment will be entered for the Commissioner.*